# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAVID HART,                                    Case No. 1:12-cv-698
      Petitioner,

                                          Barrett, J.
   vs.                                         Bowman, M.J.

OHIO ADULT PAROLE                              **REPORT AND**
AUTHORITY,[1]                                   **RECOMMENDATION**
      Respondent.

      Petitioner, who apparently is currently in state custody under the supervision of the Ohio

Adult Parole Authority, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  (Doc. 1).  The case was originally filed with the district court in the Northern

District of Ohio, Western Division, but was transferred to this Court on September 12, 2012.  (*See*

Doc. 5).  This matter is before the Court on respondent's motion to dismiss filed on November 26,

2012.  (Doc. 10).  Petitioner has filed a brief opposing the motion, and respondent has filed a

reply to petitioner's opposition memorandum.  (Docs. 11, 12).

---

[1] In the petition, petitioner properly named the Warden of North Central Correctional Institution (NCCI) in Marion, Ohio, as the respondent because petitioner was incarcerated at NCCI when he initiated the instant action. (*See* Doc. 1).  It has come to the Court's attention, however, that since the filing of petitioner's latest pleading in this case, petitioner was transferred from NCCI to the Correctional Reception Center (CRC) in Orient, Ohio, and that on April 12, 2013, he was released from prison on parole.  Petitioner has not informed the Court of any of the changes in his address.  However, the CRC has provided the Court with petitioner's forwarding residential address, which is now reflected in the docket records maintained for this case.  Because it appears that petitioner is currently under the supervision of the Ohio Adult Parole Authority (OAPA), the caption of this case is hereby changed to reflect that the OAPA is the proper party respondent in this action.  *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## I.  PROCEDURAL HISTORY

### State Trial Proceedings

On April 5, 2010, the Warren County, Ohio, grand jury returned an indictment charging petitioner with one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2) (Count 1); one count of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5) (Count 2); and four counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A) (Counts 3-6). (Doc. 10, Brief, p. 2 & Exs. 1-2).

On July 14, 2010, petitioner entered a guilty plea to the sexual battery charge (Count 2) and one of the gross sexual imposition charges (Count 5) in exchange for the dismissal of the four other counts and an agreed-to sentence of concurrent three-year prison terms.  (*See id.*, Exs. 2-3). On the same date, the trial court entered a final judgment entry sentencing petitioner in accordance with the parties' plea agreement to an aggregate prison term of three (3) years.  (*Id.*, Ex. 3).

Respondent states that petitioner did not pursue a timely appeal from his conviction or sentence in the state courts.  (*Id.*, Brief, p. 2).

### Post-Conviction Motions To Dismiss On Speedy-Trial Grounds

On November 23, 2010, over four months after the trial court entered the final sentencing entry, petitioner next filed a *pro se* motion with the trial court requesting the dismissal of the criminal charges and an evidentiary hearing on the ground that the State had committed a speedy-trial violation under Ohio Rev. Code § 2941.401.  (Doc. 10, Ex. 5).  On December 16, 2010, petitioner filed a second motion to dismiss alleging a violation of his speedy-trial rights under Ohio Rev. Code § 2945.71.  (*Id.*, Ex. 8).  On January 25, 2011, the trial court denied both

2

motions, reasoning in relevant part as follows:

> In August of 2009, Defendant was incarcerated at Pickaway Correctional Institution on charges unrelated to the above-captioned case.  On August 25, 2009, Defendant was interviewed by detectives regarding possible new charges including sexual battery and gross sexual imposition.  Defendant was not indicted on these new charges until April 5, 2010 and was then transferred to the Warren County Jail on April 22, 2010.  On July 14, 2010, Defendant, with the representation of counsel, entered a guilty plea to one count of Sexual Battery and one count of Gross Sexual Imposition and was sentenced to an agreed sentence of three years on each count to be served concurrently.

> . . . .In both [of his] motions [to dismiss], Defendant claims that his constitutional right to a speedy trial was violated and, as such, the charges against him should be dismissed with prejudice.  As both of Defendant's motions contain the same arguments, they shall be addressed together.

> "The right to a speedy trial is encompassed within the Sixth Amendment to the United States Constitution, which provides that an 'accused shall enjoy the right to a speedy and public trial ***.'"  The speedy-trial statute of R.C. 2941.401 provides that, if, during the incarceration of a prisoner, "there is pending in [Ohio] any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after" he provides to the prosecuting attorney and the appropriate court "written notice of the place of his imprisonment and a request for a final disposition to be made of the matter ***."

> Similarly, the speedy-trial statute of R.C. 2945.71 provides a limited time within which the State must bring a case to trial:  "[a] person against whom a charge of felony is pending *** [s]hall be brought to trial within two hundred seventy days after the person's arrest."  R.C. 2945.71(E) further provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."  However, this three-to-one provision is not triggered in Ohio until the defendant is held "solely because of the pending charge."

> In this case, Defendant argues that his speedy-trial time commenced on August 25, 2009, when he was interviewed by detectives at Pickaway Correctional Institution.  However, no charges relating to this case were filed or pending against Defendant at the time of said interview.  Defendant was not charged until April 5, 2010.  Thus, no indictment, information, or complaint was pending against Defendant while he was incarcerated at the Pickaway Correctional Institute until April 5, 2010.  Therefore, Defendant's claim under R.C. 2941.401 that he was not brought to trial within one hundred eighty days must fail.

3

As to Defendant's claim under R.C. 2945.71, the Ohio Supreme Court has previously acknowledged that "the speedy-trial statute shall run against the state only during the time in which an indictment or charge of felony is *pending*." Thus it was not until at least April 5, 2010, that the speedy-trial statute began to run. In addition, at the time of the indictment on April 5, Defendant was still serving a prison sentence on unrelated charges. Therefore, the three-to-one provision of R.C. 2945.71(E) was not triggered until April 22, 2010, when Defendant was transported to the Warren County Jail. Thus, only seventeen days of the two hundred seventy lapsed during this time.

Furthermore, after the three-to-one provision was triggered, Defendant, by and through counsel, made motions for discovery and a bill of particulars. Ohio law provides that "requests for discovery and motions for bills of particulars are tolling events pursuant to R.C. 2945.71(E)." Regardless, even had no tolling period occurred, the number of days between Defendant's indictment on April 5 and plea on July 14, including the triggering of the three-to-one provision, reach a total of two hundred sixty-six days, still within the provisions of R.C. 2945.71. Based upon this information, it is clear that Defendant's Constitutional right to a speedy trial was not infringed by the actions of the State.

(*Id.*, Ex. 9) (footnotes with citations omitted). It appears from the record that petitioner did not pursue an appeal in the state courts from the trial court's January 25, 2011 ruling.

Instead, over six months later, on August 5, 2011, petitioner filed a third *pro se* motion to dismiss with the trial court. (*Id.*, Ex. 10). In that motion, petitioner claimed that the trial court lacked jurisdiction over the criminal matter because the State did not commence criminal proceedings against him, based on "information" in the State's possession since August 25, 2009, until after the 180-day speedy-trial clock had expired. (*See id.*). On September 26, 2011, the trial court denied the motion, reasoning in pertinent part as follows:

The defendant argues that he was deprived of a speedy trial. . . . The Court has already addressed the issue of speedy trial prior to the defendant's plea by decision filed January 25, 2011. The Court notes that the defendant was indicted on April 05, 2010. Therefore, no detainers from this case could have been placed against him prior to that date. There simply were no charges pending against him. His change of plea occurred on July 14, 2010 well within the time for compliance. . . .

4

> The defendant has already raised the same basic issues in his November 23, 2010 pro se filing. The matter is therefore res judicata in that the Court has already determined this argument against him. . . . Further, even if the Court treats this pro se filing as a petition for post conviction relief under §2953.21(A)(2) O.R.C., that petition has to be filed no later than 180 days after the expiration of the time for filing the appeal. The defendant having been sentenced on July 14, 2010 following his guilty plea, the time for filing a notice of appeal expired on August 13, 2010. Therefore, the latest that he could possibly file a petition for post conviction relief was 180 days following that date. This motion, even if re-captioned as a petition for post conviction relief, falls outside the time limit and the Court no longer has jurisdiction to entertain the same.

(*Id.*, Ex. 13).

## State Appeal Proceedings

On October 17, 2011, petitioner next filed a *pro se* appeal with the Ohio Court of Appeals, Twelfth Appellate District. In the notice of appeal, petitioner stated that he was appealing the trial court's July 14, 2010 judgment entry of conviction and sentence. (Doc. 10, Ex. 14). In his supporting memorandum, however, petitioner challenged the trial court's ruling on September 26, 2011, denying his motion to dismiss for lack of jurisdiction. (*See id.*).

On November 9, 2011, the Ohio Court of Appeals *sua sponte* dismissed the appeal. (*Id.*, Ex. 15). In its entry dismissing the appeal, the court stated that petitioner was seeking to appeal the July 2010 judgment entry and concluded that the appeal "filed more than one (1) year after the entry of the judgment appealed from" was untimely. (*See id.*). Apparently, petitioner did not pursue a further appeal to the Ohio Supreme Court.

## State Habeas Proceedings

On January 3, 2012, petitioner filed a *pro se* habeas corpus petition with the Ohio Court of Appeals, Third Appellate District. (Doc. 10, Ex. 16). Petitioner claimed in the petition that his imprisonment at the North Central Correctional Institution in Marion, Ohio, was unlawful

5

because, as he had previously argued, the trial court lacked jurisdiction over his criminal case given that the matter was not prosecuted within the 180-day speedy-trial time limit.  (*See id.*).

On February 23, 2012, the Ohio Court of Appeals issued a Judgment Entry dismissing the petition.  (*Id.*, Ex. 18).  In so ruling, the court reasoned in relevant part as follows:

> Habeas corpus relief is not available to a prisoner held pursuant to a judgment of conviction of a court of record enjoying jurisdiction to render that judgment. . . .  A viable habeas corpus claim cannot be based upon an alleged violation of the right to a speedy trial because:  (1) such a violation does not constitute jurisdictional error; and (2) the prisoner has an adequate legal remedy by direct appeal. . . .

> Based on the foregoing, the Court finds that Petitioner's claim of a speedy trial violation does not attack the jurisdiction of the sentencing court and must be raised on appeal rather than by extraordinary writ.  Accordingly, . . . the petition should be dismissed for failure to state a claim upon which relief can be granted.

(*Id.*).

Petitioner filed a timely notice of appeal to the Ohio Supreme Court.  (*See id.*, Ex. 19).  In his memorandum in support of jurisdiction, petitioner asserted four propositions of law:

1.  The trial court erred by denying Defendant-Appellant his right to a speedy trial pursuant to R.C. 2941.401, United States Constitution Amendment VI, and the Ohio Constitution, Section 10, Article I.

2.  The trial court erred by denying Defendant-Appellant his right to a speedy trial pursuant to R.C. 2945.71, 2945.72 and 2945.73; United States Constitution Amendment VI, and the Ohio Constitution, Section 10, Article I.

3.  The trial court erred when it denied Defendant-Appellant his right to effective assistance of counsel under the United States Constitution Amendment VI, and the Ohio Constitution, Section 10, Article I.

4.  The trial court erred when it denied Defendant-Appellant's motion to dismiss for lack of jurisdiction, which was compounded by the appellate court's denial of habeas corpus relief on this issue denying Defendant-Appellant his right to due process of law under the United States Constitution Amendment XIV and the Ohio Constitution, Section 16,

6

> Article I; and his right of equal protection under the United States
> Constitution Amendment XIV and the Ohio Constitution, Section 2, Article
> I.

(*Id.*, Ex. 20).

On July 24, 2012, the Ohio Supreme Court issued a per curiam decision affirming the

court of appeals' judgment.  (*Id.*, Ex. 23).  In the published decision, *see State ex rel. Hart v.*

*Turner*, 974 N.E.2d 87 (Ohio 2012), the court reasoned as follows:

> Hart's speedy-trial claim is not cognizable in habeas corpus, and he had an
> adequate remedy by appeal from his sentencing entry to raise his claim. . . .  Hart
> also waived the additional claims he raises on appeal—ineffective assistance of
> counsel and denial of his rights to due process and equal protection—because he
> failed to raise them in the court of appeals. . . .   In addition, these claims are also
> not cognizable in habeas corpus, and Hart had an adequate remedy by appeal to
> raise them.

(*Id.*).

**Federal Habeas Corpus**

The instant federal habeas corpus action commenced on August 30, 2012.  (*See* Doc. 1).

However, the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the

date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v.*

*Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002);

*Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).  Petitioner states that he placed the

petition in the prison mailing system for delivery to the Court on August 24, 2012.  (*See* Doc. 1,

p. 13).  Therefore, it is presumed for statute of limitations purposes that the petition was filed on

August 24, 2012.

In the petition, petitioner alleges four grounds for relief:

**Ground One:**  Petitioner was denied his right to a speedy trial, due process and

7

equal protection of the law under Amend. VI & XIV when he was not indicted in a timely way.

**Supporting Facts:** Petitioner was placed under arrest and questioned by the Warren County Sheriff's Department on 08-25-2009. He was not indicted until 04-05-2010 beyond the 180 day statutory requirement for indicting a prisoner. Therefore, the Warren County Court of Common Pleas lost subject matter jurisdiction over Petitioner at that point. . . .

**Ground Two:** Petitioner was denied his right to be free of unreasonable search & seizure, due process and equal protection of law under Amend IV & XIV when he was seized illegally.

**Supporting Facts:** Petitioner was illegally seized from Pickaway Correctional Institution on 04-25-2010 by Warren County Sheriff Deputies who did not have statutory or constitutional authority to transport Petitioner across county lines with no prior authorization. This illegal kidnapping deprived the Warren County Court of Common Pleas of subject matter jurisdiction over Petitioner.

**Ground Three:** Petitioner was denied effective assistance of trial counsel under Amend. VI when counsel let pre-trial occur when court had no subject matter jurisdiction.

**Supporting Facts:** As previously stated, trial court lacked subject matter jurisdiction over Petitioner when speedy trial time had lapsed and Petitioner was illegally seized to be taken into custody. Trial counsel did not diligently defend Petitioner as required under Amend. VI. Instead trial counsel sought to have Petitioner take a plea deal from the State, and trial counsel functioned as advocate of State, not Petitioner.

**Ground Four:** Petitioner was denied his right to be free of cruel & unusual punishment, under Amend. VIII when trial court sentenced him to 3 years without subject matter jurisdiction.

**Supporting Facts:** As previously stated, trial court lost subject matter jurisdiction over Peti[ti]oner when he was illegally seized to be brought into custody & when he was denied his right to a speedy trial. The trial court abused the discretion of the [co]urt in sentencing Petitioner to three (3) years incarceration without subject matter jurisdiction.

(*Id.*, pp. 5, 6, 8, 9). In the petition, petitioner concedes that "Grounds Two, Three, and Four have not been presented to the highest state court." (*Id.*, p. 11). He states that he failed to do so

8

because he "is a layman in the law, who did not have his constitutional rights explained to him by the trial court, his trial counsel, or by inadequate law library hours at the institution." (*Id.*).

Respondent has filed a motion to dismiss the petition. (Doc. 10). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (*Id.*, pp. 6-9). Respondent also alternatively argues that the petition is subject to dismissal with prejudice because petitioner has waived all of his grounds for relief as a result of his procedural defaults in the state courts. (*Id.*, pp. 9-14).

Petitioner opposes respondent's motion, essentially arguing that the habeas statute of limitations cannot apply to a judgment that the trial court lacked jurisdiction to render and that, in any event, the jurisdictional issue should not be barred from review on procedural grounds. (*See* Doc. 11). Respondent has filed a reply to petitioner's opposition memorandum. (Doc. 12).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 10) SHOULD BE GRANTED BECAUSE PETITIONER PROCEDURALLY DEFAULTED AND HAS WAIVED HIS CLAIMS FOR RELIEF

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990);

*Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). In those cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991). Moreover, in *Harris,* the Supreme Court explained that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The Court stated: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975

11

F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)), *cert. denied,* 131 S.Ct. 2117 (2011); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed numerous procedural defaults in the state courts.  First, petitioner failed to file a timely appeal from the trial court's July 14, 2010 final judgment entry of conviction and sentence.[2]

Second, when petitioner next attempted to obtain relief from the state courts for alleged speedy-trial violations by filing three post-conviction motions to dismiss, he committed a procedural default by failing to pursue an appeal from the trial court's January 25, 2011 entry denying his first two motions to dismiss.  Petitioner's third motion to dismiss filed in August 2011, over six months after the trial court's January 25, 2011 entry, was dismissed by the trial court on September 26, 2011 based on the adequate and independent state grounds of res judicata and failure to comply with the time requirements for filing petitions for post-conviction relief under Ohio Rev. Code  § 2953.21.  (*See* Doc. 10, Ex. 13).  In any event, petitioner committed another procedural default when pursuing relief on the third motion to dismiss because, even assuming that he attempted to challenge the denial of that motion in his October 2011 appeal to the Ohio Court of Appeals from the July 14, 2010 judgment entry of conviction and sentence, he failed to pursue an appeal to the Ohio Supreme Court after the Ohio Court of Appeals *sua sponte* dismissed the appeal as untimely on November 9, 2011.  (*See id.*, Exs. 14-15).

Finally, although petitioner did ultimately exhaust the state habeas corpus remedy in the Ohio appellate courts after he failed to obtain relief from the trial court on his motions to dismiss, the Ohio Supreme Court, which was the last state court to issue a reasoned opinion in the matter,

---

[2] It is noted that petitioner no longer has an avenue of relief available to pursue an appeal from the July 14, 2010 entry because he previously filed a notice of appeal from that ruling in October 2011, and after the Ohio Court of Appeals *sua sponte* dismissed the appeal as untimely, petitioner failed to pursue a further appeal to the Ohio Supreme Court.  (*See id*., Exs. 14-15).

relied on adequate and independent state grounds in affirming the court of appeals' dismissal of the petition without addressing the merits of any of petitioner's claims. Specifically, the state's highest court agreed with the Ohio Court of Appeals' determination that the writ of habeas corpus was not available as a remedy with respect to petitioner's claims of speedy-trial violations because petitioner "had an adequate remedy by appeal from his sentencing entry to raise" those claims. (*Id.*, Ex. 23; *see also id.*, Ex. 18). The Ohio Supreme Court also ruled with respect to petitioner's remaining claims of ineffective assistance of counsel and denial of due process and equal protection that (1) petitioner had waived the additional claims by failing to raise them below to the Ohio Court of Appeals; and (2) in any event, like petitioner's speedy-trial claims, the claims were not "cognizable in habeas corpus" because petitioner "had an adequate remedy by appeal to raise them." (*Id.*, Ex. 23).

In concluding that habeas corpus was not available as a remedy, the Ohio Supreme Court enforced an independent and adequate state procedural sanction, which was firmly established and regularly followed long before petitioner filed his state habeas petition with the Ohio Court of Appeals in January 2012. *See, e.g.*, *Boles v. Knab*, 958 N.E.2d 554, 555 (Ohio 2011) (per curiam) (and cases cited therein) (holding in accordance with cited Ohio Supreme Court precedents that the petitioner's speedy-trial claims were "not cognizable in habeas corpus" and that "[a]n appeal rather than a writ of habeas corpus is the proper remedy to challenge alleged violations of the right to a speedy trial"); *see also Bozsik v. Hudson*, 852 N.E.2d 1200, 1201 (Ohio 2006) (per curiam) (and cases cited therein) (holding in accordance with cited Ohio Supreme Court precedents that "[c]laims involving the ineffective assistance of counsel . . . are not cognizable in habeas corpus" and that "redress for a deprivation of the right should be sought via appeal or

14

postconviction relief"). *Cf. McDougald v. Warden, Lebanon Corr. Inst.*, No. 1:11cv790, 2012 WL 4506392, at *7-8 (S.D. Ohio Oct. 1, 2012) (Bowman, M.J.) (Report & Recommendation) (holding that the petitioner had procedurally defaulted claims that were raised to the state courts in a habeas petition because the state courts applied an adequate and independent state procedural sanction when they concluded that habeas corpus was not available as a remedy for the petitioner to pursue claims that could have been raised in an appeal or state post-conviction proceedings), *adopted*, 2013 WL 209480 (S.D. Ohio Jan. 17, 2013) (Spiegel, J.). Moreover, the Ohio Supreme Court's determination that petitioner had waived claims which were not presented to the Ohio Court of Appeals was also based on an adequate and independent state procedural ground, which was firmly established and had been regularly followed by that court for years. *See, e.g.*, *State v. Were*, 890 N.E.2d 263, 286 (Ohio 2008) (holding that a claim not raised to the Ohio Court of Appeals was waived); *State v. Phillips*, 656 N.E.2d 643, 663 (Ohio 1995) (same); *State v. Sneed*, 584 N.E.2d 1160, 1167 (Ohio 1992) (same).

Because of petitioner's numerous procedural defaults in the state courts that precluded appellate review of the trial court's July 14, 2010, January 25, 2011 and September 26, 2011 judgment entries, and because the Ohio Supreme Court relied on adequate and independent state procedural grounds in affirming the dismissal of petitioner's state habeas corpus petition, the state's highest court was not provided with an opportunity to consider the merits of any of petitioner's claims for relief. Therefore, the undersigned concludes that petitioner procedurally defaulted the claims alleged as grounds for relief in the instant action. The claims are barred from review by this Court unless petitioner can demonstrate cause for and prejudice from his defaults in the state courts or that failure to consider the defaulted claims will result in a "fundamental

miscarriage of justice." *See Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson, supra,* 2012 WL 3241545, at *3.  *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray,* 477 U.S. at 485.

Petitioner has not demonstrated that failure to consider his claims for relief will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent."  *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

In addition, petitioner has not established cause for his procedural defaults in this case.  In his petition, petitioner generally contends that his procedural defaults should be excused because he is a *pro se* litigant lacking knowledge of the law, who was unable to obtain adequate assistance from the court or his counsel in the trial proceedings or at the prison where he was incarcerated because of limited access to the law library.  However, in *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (per curiam)*,* the Sixth Circuit rejected similar arguments, holding that the petitioner's *pro se* status, limited access to the prison law library, and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to establish cause.  *See also Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995).  Similarly, petitioner's conclusory assertion regarding his lack of legal knowledge and lack of adequate assistance is inadequate to constitute cause for his procedural defaults in this case.  *Cf. Rogers v. Warden, Warren Corr. Inst.,* No. 1:10cv397, 2011 WL 1771691, at *6 (S.D. Ohio Feb. 8, 2011) (Litkovitz, M.J.), *adopted,* 2011 WL 1753711 (S.D. Ohio May 9, 2011) (Dlott, J.).  In any event, even assuming that the alleged failure of petitioner's trial counsel and the trial court to adequately explain to petitioner his "constitutional rights" contributed to petitioner's initial default in failing to pursue a

16

timely appeal from his conviction and sentence, that argument does not extend to justify petitioner's subsequent numerous defaults in the state court proceedings that ensued when petitioner filed his *pro se* motions to dismiss and eventually attempted to appeal his conviction and sentence to the Ohio Court of Appeals.

In his brief in opposition to respondent's motion to dismiss, petitioner also suggests that his speedy-trial claims are subject to review on the merits because they involve jurisdictional issues that can be raised at any time and cannot be waived. (*See* Doc. 11). The Sixth Circuit has held in the context of a collateral review motion under 28 U.S.C. § 2255 challenging a federal conviction that a "jurisdictional defect cannot be waived or procedurally defaulted—rather, a jurisdictional defect requires reversal." *Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002). Although it appears that the Sixth Circuit has not expressly addressed whether the same principle applies to habeas petitions brought by state prisoners under 28 U.S.C. § 2254,[3] lower courts have uniformly held that, at least in the context of the statute of limitations governing § 2254 petitions, "a jurisdictional claim like any other claim cognizable in a federal habeas petition pursuant to § 2254, must first be raised in the state court and then presented to [a federal] court within the time set forth in [28 U.S.C.] § 2244(d)(1)." *See, e.g., Banks v. Ludwick,* No. 07-12821, 2008 WL 2397627, at *1, *5 (E.D. Mich. June 11, 2008) (and cases cited therein) (quoting *Neal v. Kingston*, No. 05-C-443, 2007 WL 1655159, at *3 (E.D. Wis. June 5, 2007)). Here, assuming, without deciding, that the holding of *Goode* applies to § 2254 petitions, petitioner's argument is

---

[3] In *Lott v. Coyle*, 261 F.3d 594, 610 (6th Cir. 2001), the Sixth Circuit stated that the district court's procedural default analysis may have been "misplaced" in light of an Ohio Supreme Court decision holding that a certain unrelated issue "was a jurisdictional matter that can never be waived." However, the Sixth Circuit chose not to resolve that issue because the habeas petitioner was "foreclosed from obtaining federal habeas relief" on another basis.

unavailing because, contrary to his contention, the right to a speedy trial is not jurisdictional under either state or federal law. *See, e.g.*, *Drumm v. Parke*, No. 89-5437, 1990 WL 14045, at *1 (6th Cir. Feb. 16, 1990) ("[T]he right to a speedy trial is not jurisdictional in nature."); *Herron v. Kelly*, No. 1:10cv1783, 2013 WL 3245326, at *5 (N.D. Ohio June 26, 2013) (citing *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)) (holding that to the extent that the petitioner had asserted a constitutional speedy trial claim, his guilty plea constituted "a waiver of all pre-plea nonjurisdictional constitutional deprivations, . . . including speedy trial violations"); *Cannon v. Walton*, No. 1:08cv612, 2010 WL 1253484, at *4 (S.D. Ohio Mar. 4, 2010) (Hogan, M.J.) (Report & Recommendation) (holding that the petitioner's speedy trial claim was "non-jurisdictional and waived by an unconditional and voluntary guilty plea"), *adopted*, 2010 WL 1257911 (S.D. Ohio Mar. 30, 2010) (Dlott, J.); *Banks, supra*, 2008 WL 2397627, at *1, *5 (and cases cited therein) ("It is well established that a Sixth Amendment speedy trial claim is not jurisdictional, but is a personal claim subject to waiver and forfeiture."). *See also State v. Kelley*, 566 N.E.2d 658, 661 (Ohio 1991) (and Ohio Supreme Court cases cited therein) (reaffirming that "a guilty plea waives a defendant's right to challenge his conviction on [state] statutory speedy trial grounds"); *Ross v. Common Pleas Court of Auglaize Cnty.*, 285 N.E.2d 25 (Ohio 1972) (per curiam) (in granting the State's motion to dismiss a habeas petition alleging the denial of a speedy trial on the ground that "[h]abeas corpus is not available where it appears that the sentencing court had jurisdiction to render the judgment of conviction," the Ohio Supreme Court emphasized that "all nonjurisdictional defects in prior stages of the proceedings" are waived upon entry of a voluntary guilty plea).

Accordingly, in sum, the undersigned concludes that petitioner procedurally defaulted all

18

of his claims for federal habeas relief. Because petitioner has not demonstrated cause for his numerous procedural defaults in the state courts or that a fundamental miscarriage of justice will occur if his claims are not considered by this Court, respondent's motion to dismiss (Doc. 10) should be granted and petitioner's petition for a writ of habeas corpus (Doc. 1) should be dismissed with prejudice on the ground that it is procedurally barred from federal habeas review.[4]

## IT IS THEREFORE RECO10MMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether

---

[4] It is noted that the petition may also be time-barred under 28 U.S.C. § 2244(d), but only if petitioner's motion to dismiss filed with the state trial court on August 5, 2011 and his appeal filed with the Ohio Court of Appeals on October 17, 2011 did not serve to toll the limitations period either under 28 U.S.C. § 2244(d)(2) as "properly filed" state post-conviction or collateral relief motions or under equitable tolling principles. An argument can be made that the August 5, 2011 motion to dismiss was "properly filed" within the meaning of § 2244(d)(2) to the extent that the trial court ruled that the issues raised in the motion were subject to dismissal on res judicata grounds and only alternatively ruled that any petition for post-conviction relief was untimely. (*See* Doc. 10, Ex. 13). Moreover, although petitioner's October 17, 2011 appeal was dismissed as untimely and, therefore, was not "properly filed" within the meaning of § 2244(d)(2), an argument can be made that the limitations period should be equitably tolled during the pendency of that matter before the Ohio Court of Appeals because petitioner may have been trying to timely challenge the trial court's ruling on September 26, 2011 denying his August 5, 2011 motion to dismiss. (*See id.*, Exs. 14-15). Given the closeness of the issues involved, the undersigned has decided not to address the statute-of-limitations issue.

the Court is correct in its procedural ruling.[5]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

---

[5]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his defaulted grounds for relief.  *See Slack,* 529 U.S. at 484.  However, it is noted that petitioner's claims also do not appear to trigger constitutional concerns.

20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAVID HART,                                        Case No. 1:12-cv-698
            Petitioner,

                                                   Barrett, J.
            vs                                     Bowman, M.J.

OHIO ADULT PAROLE
AUTHORITY,
            Respondent.


**NOTICE**

       Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc